

**SIGNED this 02 day of October, 2008.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| IN RE: | : |
| | : |
| LLOYD BILL SUTTON a/k./a | : |
| L.B. SUTTON | :   CASE NO. 06-60373-JTL |
| | :   CHAPTER 13 |
| Debtor. | : |

_____

| | |
|---|---|
| OMEGA COTTON COMPANY, INC. | : |
| | : |
| | : |
| Plaintiff, | :  A.P. NO. 07-06006 |
| | : |
| vs. | : |
| | : |
| LLOYD BILL SUTTON a/k./a | : |
| L.B. SUTTON | : |
| Defendant, | : |

**Memorandum Opinion**

This matter comes before the court on Omega Cotton Company's ("Omega") adversary proceeding asserting two counts. Omega's first count seeks $308,430.25 for a judgment based on a previous District Court judgment, and Omega's second count seeks $4,523,400.00 based on fraud on Lloyd B. Sutton's ("Debtor") part. Omega seeks to have both claims found exempt from discharge pursuant to 11 U.S.C § 523(a)(4). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I).

Debtor filed a motion to dismiss Omega's complaint on January 11, 2008. Omega filed a motion for partial summary judgment on March 21, 2008, which included a statement of uncontested facts. On May 20, 2008, Debtor filed a statement of uncontested facts and opposing brief in response to Omega's motion for partial summary judgment. On June 9, 2008, Omega filed a response to Debtor's opposing brief.

A hearing was held on June 11, 2008. Both parties agree that there are no contested facts in issue and that a decision on both claims based on the pleadings, uncontested facts, affidavits, and exhibits was appropriate. Under FRCP 12(d), any motion under 12(b)(6) or 12(c) that raises matters outside of the pleadings must be treated as one for summary judgment under FRCP 56.[1] Though initially styled as motions for partial summary judgment and to dismiss, each party has agreed that both counts require no further evidence to decide other than what has already been submitted to the Court, including materials outside of the pleadings. Since both parties rely on materials outside of the pleadings, including the statements of uncontested facts, the Court is treating the motions as cross motions for summary judgment.

---

[1] Fed. R. Civ. P. 12(d) (2007).

**Statement of Facts**

The facts in this case are undisputed. Omega is a Georgia corporation engaged in the business of buying and selling cotton. Debtor and his two partners were the sole officers, directors, and shareholders of Omega. Debtor was designated the President of Omega.

Omega, at various times, entered into several lines of credit with American Banking Company ("ABC"). Each of the notes held by ABC required Omega to maintain a hedged position in the commodities futures market to protect the inventory of cotton held and/or contracted against changes in market price. Debtor failed to do so, and used the proceeds of the ABC notes to actively speculate on the commodities futures market, as a result of which, Omega complains they lost $4,523,400.00.

On October 8, 2003, Omega filed suit against Debtor in the United States District Court for the Middle District of Georgia, alleging commodities fraud, commodities speculation, breach of fiduciary duties, fraud, negligence, and conversion arising out of the purchase and sale of cotton and commodity futures using the lines of credit with ABC. On November 22, 2003, Debtor filed a third-party complaint against his partners. All three, as co-shareholders, were responsible parties to Omega for indemnity and contribution under some circumstances.

On June 22, 2006, a verdict was rendered equally against the three defendants, based upon state law claims of negligence and breach of fiduciary duties. The judgment totaled $925,290.73 for the breach of fiduciary duty claim, and Debtor's portion was $308,430.25 plus interest. No damages were awarded for the negligence claim.

## Conclusions of Law

### 1) The $308,430.25 Judgment

Both counts of Omega's complaint against Debtor involve the doctrine of collateral estoppel/ res judicata. Omega argues that because of the previous judgment rendered in District Court, Debtor's right to defend against the judgment of $308,430.25 has effectively been terminated, and the debt should be exempt from discharge. For the following reasons, this Court disagrees.

**A) Res judicata does not apply**

For res judicata to apply, three prerequisites must be established. 1)the identity of the parties, 2) the identity of the cause of action; and 3) prior adjudication by a court of competent jurisdiction.[2]

The first requirement is met. Each of the named parties, including the Debtor and Omega, were parties in the prior action filed in the District Court.

The second requirement is not met, even though the adversary proceeding filed by Omega involves the transaction and occurrences previously litigated by the parties. In this action, Omega contends that Debtor defrauded Omega and should be liable for the judgment and notes to ABC. Under the full faith and credit statute, federal courts must look to state law to determine the preclusive effect of a prior state court judgment.[3] Under Georgia law, claims that should have been resolved and had an opportunity to be litigated in a preceding action are barred by res judicata.[4]

As noted earlier, the judgment in the District Court was rendered based on breach of fiduciary duty. However, mere breach of fiduciary duty is not the same as the

---

[2] *Austin v. Coca Cola Company*, 217 Ga. App. 621, 623, 458 S.E.2d 409 (Ga. App. 1995).
[3] 28 U.S.C. § 1738 (1948).
[4] O.C.G.A § 9-12-40. *See Kauka Farms. Inc., v. Scott*, 256 Ga. 642, 352 S.E.2d 373 (Ga. 1987).

4

requirements for an 11 U.S.C. § 523(a)(4) nondischargeability finding. As discussed *infra*, the Eleventh Circuit has articulated specific requirements to hold a debt exempt from discharge under a defalcation claim. General breach of fiduciary duty is not *per se* sufficient for such a finding, and as such, this Court is not bound by res judicata to hold the judgment rendered in District Court exempt from discharge. The jury's verdict being based upon breach of fiduciary duty is not sufficient in and of itself to support a finding that res judicata precludes this Court from determining the judgment's eligibility for discharge.

### B) 11 U.S.C. §523(a)(4) does not apply to this debt

In addition to the inapplicability of res judicata, the judgment entered by the District Court is not of the type exempt from discharge under the Bankruptcy Code.[5]

The relevant code section provides that "A discharge … does not discharge an individual from any debt … for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."[6] However, the definitions of "fiduciary capacity" and "defalcation" are construed narrowly in the Eleventh Circuit. In *Quaif v. Johnson*, the Eleventh Circuit stated, "The Supreme Court has consistently held that the term 'fiduciary' is not to be construed expansively, but instead is intended to refer to 'technical' trusts."[7] *Quaif* also noted that the trust itself must exist prior to the act that created the debt in order to fall within the statutory exception.[8]

---

[5] 11 U.S.C. § 523(a)(4) (2005).
[6] *Id.*
[7] 4 F.3d 950, 953 (11th Cir. 1993) (citing *Davis v. Aetna Acceptance Co.,* 293 U.S. 328 (1934)).
[8] *Id.*

The nondischargeability provisions of §523 are narrowly and strictly construed in favor of the debtor.[9] The party opposing the discharge has the burden to prove its case by a preponderance of the evidence.[10]

To determine whether a fiduciary duty exists, several courts have held that "a state statute can create the necessary fiduciary status, provided that the statute defines the res, states the fiduciary duty, and imposes a trust on funds prior to the act creating the debt."[11] In *McCormick*, there was a state insurance statute specifying that insurance agents shall be responsible in a *fiduciary capacity* for all funds received or collected in that capacity.[12] Based upon the statute and the undisputed facts, the Court in *McCormick* held that the money collected by the Debtor as an insurance agent and not remitted to the underwriter was nondischargeable under § 523(a)(4).[13]

The duties Debtor allegedly violated are those that arise out of his position as a director and officer of Omega. O.C.G.A. § 14-2-830(a) sets the standards for a director of a corporation as follows:

> A director shall discharge his duties as a director, including his duties as a member of a committee: (1) In a manner he believes in good faith to be in the best interests of the corporation; and (2) With the care an ordinarily prudent person in a like position would exercise under similar circumstances.[14]

O.C.G.A §14-2-842 (a) sets forth the standards of conduct for officers of a corporation as follows:

> An officer with discretionary authority shall discharge his duties under that authority: (1) In a manner he believes in good faith to be in the best interests of the corporation; and (2)With the care an ordinarily prudent person in a like position would exercise under similar circumstances.[15]

---

[9] *Bennett v. Wright*, 282 B.R. 510 (M.D. Ga. 2002) (Walker, J.).
[10] *Gogan v. Garner,* 498 U.S. 279, 287 (1991).
[11] *In re McCormick*, 70 B.R. 49, 50 (Bankr. W.D. Penn 1987).
[12] *Id.* (emphasis added).
[13] *Id.* at 51.
[14] O.C.G.A. § 14-2-830(a) (1988).
[15] O.C.G.A. §14-2-842 (a) (1988).

Neither of the relevant code sections sets forth or creates any statutory fiduciary duties. The Eleventh Circuit is generally reluctant to find the existence of a trust where the relevant statute does not create a fiduciary duty. In *Guerra v. Fernandez-Rocha*, the Court found that a technical trust did not exist where a doctor failed to maintain the funds required by a Florida statute.[16] In *Guerra*, the Court held that, despite the existence of a statute requiring doctors to maintain an escrow account or other demonstrable indication of their ability to pay claims, no fiduciary duty was created to the patients who presumably were the beneficiaries of said account.[17]

In this case, Omega states that the Debtor, as president and responsible officer for entering into contracts, possessed a fiduciary duty to act in the best interest of Omega. While it is true that Debtor owed a fiduciary duty to Omega based upon his positions within the company, Omega nowhere alleges that there was an express or technical trust created on behalf of Omega with Debtor as trustee. A general duty of good faith does not rise to the level of an express or technical trust of the kind required for nondischargeability.

As there was no express or technical trust created between Omega, ABC, and Debtor, it would be difficult to fit Debtor's general duties of good faith within the narrow construction the Eleventh Circuit has given to a breach of fiduciary duty under §523(a)(4). Omega argues that Debtor's position as president of the company created what amounts to a "technical trust," and as such, the company's losses created by his actions are nondischargeable. However, none of the undisputed facts presented by the parties indicates that Debtor was in such a trust with Omega. Even without finding a

---

[16] 451 F.3d 813, 818 (11th Cir. 2006).
[17] *Id.*

7

fiduciary duty sufficient under 523(a)(4), Omega's argument that this debt is exempt from discharge must fail, because the undisputed facts of this case cannot support a finding of defalcation.

The Court in *Quaife* stated that even if a fiduciary relationship exists prior to the act that created the debt, the next question under § 523(a)(4) is whether there was a "defalcation" while acting in a fiduciary capacity.[18] In *Quaif*, this Court further explained that "'[d]efalcation' refers to a failure to produce funds entrusted to a fiduciary," but that "the precise meaning of 'defalcation' for purposes of § 523(a)(4) has never been entirely clear." [19]

*Quaif* observed that the best analysis of "defalcation" is that of Judge Hand in *Central Hanover Bank & Trust Co. v. Herbst*, in which "Judge Hand concluded that, while a purely innocent mistake by the fiduciary may be dischargeable, a 'defalcation' for purposes of this statute does not have to rise to the level of 'fraud,' 'embezzlement,' or even 'misappropriation.'"[20] *Quaif* goes on to define defalcation as a "failure to produce funds entrusted to a fiduciary."[21]

In this case, the actions taken by Debtor do not arise to the level of defalcation. Debtor used company funds to float farmers' expectations that cotton prices would increase, and drew on the lines of credit to meet the margin calls on futures contracts. While Omega was under a contractual obligation to ABC not to use the funds to speculate on the cotton futures' market, Debtor's actions in doing so with the lines of

---

[18] 451 F.3d 813, 818 (11th Cir. 2006).
[19] *Id.* at 955.
[20] *Id.,* citing 93 F.2d 510 (2d Cir. 1937).
[21] 4 F.3d 950, 955 (11th Cir. 1993).

8

credit do not rise to level of defalcation. Debtor's decisions were errant business decisions, and not a "failure to produce funds entrusted to a fiduciary."[22]

For the foregoing reasons, the Court finds that the judgment of $308,430.25 is not exempt from discharge under §523(a)(4).

**2) The $4,523,400.00 Claim is precluded**

Omega's second claim arises from Debtor's alleged breach of fiduciary duties owed to Omega by Debtor's speculation with proceeds from the ABC lines of credit.

The doctrine of res judicata precludes this claim from being asserted. Under O.C.G.A. § 9-12-40

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.[23]

Under the doctrine of res judicata, a prior judgment ends litigation for all grounds for recovery and accompanying defenses, regardless of whether they were actually asserted.[24] This means that a party must bring all claims arising out of a particular set of circumstances against the other party in one action.[25]

As discussed previously, the doctrine of res judicata has three requirements 1) identity of the parties, 2) identity of the cause of action, and 3) prior adjudication by a court of competent jurisdiction.[26] The identity of the parties requirement is met. Debtor and Omega were both parties to the previous case in the District Court. The present action involves the transactions and occurrences previously litigated by these parties. The Georgia Supreme Court ruled, under Georgia law, a claim is precluded when the claim

---

[22] *Id.*
[23] O.C.G.A. § 9-12-40 (1933).
[24] *Brown v. Felsen*, 442 U.S. 127 (1979)
[25] *Brewer v. Schacht*, 235 Ga. App. 313, 315, 509 S.E.2d 378 (Ga. App. 1999).
[26] *Austin*, 217 Ga. App. 621, 623, 458 S.E.2d 409 (Ga. App. 1995).

should have been resolved in a previous action between the parties.[27] Omega contends that Debtor should have to pay the judgment and notes to ABC in the amount prayed for. However, Omega did not attempt to raise the issue in the previous District Court case, where it had a full and fair opportunity to do so.

Here, the alleged fraud took place in 2000 and 2001. Omega had an opportunity to litigate and place fraud before a court of competent jurisdiction. All of the funds advanced on the ABC lines of credit were the subject of the prior litigation and reduced to judgment. Omega cannot now attempt to prove fraud in an amount greater than the original judgment rendered in District Court, because any such attempt is barred by res judicata. Therefore, the judgment of $4,523,400.00 prayed for by plaintiff cannot now be granted.

Omega's motion for summary judgment is DENIED. Debtor's motion for summary judgment is GRANTED.

An order in accordance with this opinion will be entered in the above case.

---

[27] *Kauka Farms Inc. v. Scott*, 256 Ga. 642, 352 S.E.2d 373 (Ga. 1987).